CONTIE, Senior Circuit Judge,
concurring.
While I agree with the majority’s disposition of this case and its analysis in Parts I, II and III, I do not join in Part IV of the majority’s opinion concluding that we have jurisdiction to consider the effect of Henry Edward Cooper’s discharge in bankruptcy.[1]
Whereas the “Plea in Abatement Due to Bankruptcy” can be construed as drawing into question the issue of the automatic stay, it is clear that the effect of the discharge in bankruptcy was never raised below, probably in view of the fact that the discharges occurred in the course of the proceedings before the Board. The failure of respondent to raise particular issues before the Board deprives this court of jurisdiction to consider such contentions. Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 665-66, 102 S.Ct. 2071, 2082-83, 72 L.Ed.2d 398 (1982). Pursuant to 29 U.S.C. § 160(e), “[extraordinary circumstances for these purposes exist only if there has been some occurrence or decision that prevented a matter which should have been presented to the Board from having been presented at the proper time.” NLRB v. Allied Products Corp., 548 F.2d 644, 654 (6th Cir.1977). Since the respondent did not raise the discharge issue in the proceedings below, and there are no “extraordinary circumstances” for having failed to present this issue to the Board, I would conclude that we lack jurisdiction to consider this argument on appeal.

. I do not, however, disagree with the majority’s conclusion in Part IV that there is substantial evidence to support the Board's finding that Cooper & Cooper is an alter ego of the Cooper Corporation. See NLRB v. Allcoast Transfer, Inc., 780 F.2d 576 (6th Cir.1986).